UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jorge Fabian Buck-Soltero, | § § § | |
| Movant, | § § | |
| v. | § § | Civil Action No.  SA-16-CA-1211-XR |
| | § § | [SA-5-11-CR-787-XR] |
| United States of America, | § § | |
| Respondent. | § § § § | |

## ORDER

On this day, the Court considered the United States Magistrate Judge's Memorandum and Recommendation (Docket no. 298) in the above numbered and styled cause, and the Petitioner's Objections to the Memorandum and Recommendation (Docket no. 302). After careful consideration, the Court will DENY the Magistrate Judge's Recommendation (Docket no. 298), SUSTAIN the Government's Objections (Docket no. 302), and DENY Petitioner's Motion to Vacate Sentence (Docket no. 290).

## BACKGROUND

Buck-Soltero was charged by indictment with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin on September 21, 2011. Docket no. 298. In December 2011, Bernie Martinez was appointed to represent Buck-Soltero. Docket no. 303. In March 2013, Buck-Soltero pled guilty and on August 12 was sentenced to 120 months of imprisonment to be followed by five years of supervised release. Docket no. 298. Buck-Soltero appealed his sentence in 2015, arguing that the court failed to inquire whether his plea was induced by any promises other than those contained in his written plea agreement as required by

1

Fed. R. Crim. Proc. Rule 11(b)(2). *Id.* The Fifth Circuit affirmed the District Court's judgment in October 2015. *Id.*

On November 28, 2016, Buck-Soltero filed the Motion to Vacate now before the court. Docket no. 290. Buck-Soltero alleges ineffective assistance of counsel, claiming that his attorney coerced him into pleading guilty using "false promises and deception." Docket no. 290 at 6(c). Defense counsel allegedly promised the benefit of a safety-valve, leading Buck-Soltero to believe that his sentence would be less than the mandatory minimum of ten years imprisonment. *Id.* Buck-Soltero further claims that his attorney failed to adequately seek a strategy to prove his innocence. Docket no. 290 at 6 (a). Specifically, Buck-Soltero claims that defense counsel failed to obtain various records that would have proven that Buck-Soltero was ignorant to his co-defendant's criminal activities, that Buck-Soltero was afraid and being threatened by his co-defendant, and that Buck-Soltero "lacked the mens rea to reap[ ] any fruits from the illicit . . . conspiracy." *Id.* On January 27, Magistrate Judge Primomo filed the Memorandum and Recommendation now before the court.

## STANDARD OF REVIEW

Where a party objects to the Magistrate Judge's Memorandum and Recommendation, the Court must conduct a *de novo* review. 28 U.S.C. § 636 (b)(1). *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Such review means that the Court will examine the entire record and make an independent assessment of the law. *See id.* The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Further, where no objections are filed, the Court reviews the recommendation

only to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Here, the government has objected to the Memorandum and Recommendation, so the Court will conduct a *de novo* review.

## DISCUSSION

This Court agrees with the Magistrate Judge's conclusion that "[b]ecause Buck-Soltero chose to plead guilty, the only viable claims he can raise in this § 2255 proceeding concern the extent to which ineffective assistance of counsel caused his guilty plea to be unknowingly and involuntarily entered." Docket no. 298 at 7. Thus, Buck-Soltero's claims alleging that his attorney failed to investigate evidence are dismissed.[1]

As to his claims that he did not enter into his plea knowingly and voluntarily, Buck-Soltero admits that he pled guilty, but contends that he was induced to do so by extra-plea promises his attorney made. Docket no. 290 at 6(a). A guilty plea must be entered into both voluntarily and intelligently in order to be constitutionally valid. *Brady v. United States*, 397 U.S. 742 (1970). Magistrate Judge Primomo concludes that while Buck-Soltero entered into his plea voluntarily, he did not enter into his plea intelligently. Upon *de novo* review of the record, this Court finds that Buck-Soltero entered into his plea both voluntarily and intelligently, and respectfully disagrees with the Memorandum and Recommendation.

In order to be voluntary, "a plea must not be induced by threats . . . misrepresentation . . . [or] promises that are . . . improper," under the totality of the circumstances. *Bousley v. United States*, 523 U.S. 614, 619 (1998). However, "[s]olemn declarations in open court carry a strong

---

[1] *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983) (holding that Smith could not attack defense counsel's strategy, but could only assert ineffective assistance of counsel on the basis that counsel's faulty advice coerced him to plea guikty); s*ee also Strickland v. Washington*, 466 U.S. 668, 681 (1984) (requiring judicial deference to defense counsel's strategic choices in the course of representation).

presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (28 U.S.C. § 2254 case). Thus, a reviewing court can "give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). The record shows that Buck-Soltero was told several times (and acknowledged his understanding that) no one could guarantee the outcome of his case or the severity of his sentence, regardless of his plea agreement. Docket no. 298 at 10 (referencing the plea hearing transcript). Based on the plea colloquy, Magistrate Judge Primomo reasoned that Buck-Soltero entered into his guilty plea voluntarily, and this Court agrees. Docket no. 298 at 9-14.

In order for a plea to be intelligently entered into, it must be "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. Here, Buck-Soltero "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." *Id.* at 756. In his plea agreement, Buck-Soltero affirmed that the indictment and agreement had been translated for him; Buck-Soltero then chose to admit that he had committed each of the elements of the alleged crime by pleading guilty. Docket no. 298 at 11. Thus, the Court finds that Buck-Soltero intelligently entered into his plea agreement.

The Memorandum and Recommendation analogizes to *United States v. Bui*, in which defense counsel told the defendant that he was eligible for a reduced sentence safety-valve where he was not in fact eligible. 795 F.3d 363 (3d Cir. 2015). The court in *Bui* found that "the record clearly indicates . . . incorrect advice regarding the availability of a sentencing reduction" because defense counsel pursued the safety-valve reduction until just before sentencing. *Id.* at 367 ("Counsel's lack of familiarity with an eighteen-year-old precedent and his erroneous advice based on that lack of familiarity demonstrate counsel's performance fell below professional

4

norms"). Typically the district court's plea colloquy can serve to remedy the counsel's error; however, in *Bui*, the appellate court found that the district judge's statements only reinforced the defendant's misunderstanding. *Id.* at 368. Thus, this combination of circumstances warranted the finding that Bui's plea was not intelligently entered. *Id.*

The present case lacks this detrimental combination of circumstances. Here, the record does not "clearly indicate" that counsel provided Buck-Soltero with incorrect advice.[2] In defense counsel's affidavit, he explains that he (1) advised Buck-Soltero that he was ineligible for a safety-valve reduction and (2) advised Buck-Soltero to debrief with the government for a sentence reduction under 18 U.S.C. § 5K1.1. Docket no. 303. Further, defense counsel and Buck-Soltero "discussed at length" his ineligibility for the safety-valve. Docket no. 302 at 2. The government explains that defense counsel advised Buck-Soltero to debrief with government agents and provide truthful information about his co-defendant in order to be eligible for a sentence reduction under 18 U.S.C. § 5K1.1. Docket no. 302 at 2; Docket no. 303 at 1. Buck-Soltero does not mention 18 U.S.C. § 5K1.1 in his motion to vacate. However, even assuming there was no discussion of alternative means for sentence reduction, "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). Unlike in *Bui*, where the appellate court found that the inadequate plea hearing did not remedy defense counsel's faulty advice, here the Court of Appeals already determined that

> the District Court's failure to comply strictly with Fed. R. Crim. P. 11(b)(2) was *not* harmful . . . Martinez [defense counsel] may have erroneously believed that Buck-Soltero would be eligible for a safety-valve reduction but no basis existed on the record to infer that he promised Buck-Soltero such a reduction or that Buck-Soltero pleaded guilty in reliance on such a promise.

---

[2] On appeal, the Court of Appeals noted that counsel *may* have erroneously believed that Buck-Soltero would be eligible for a safety-valve reduction, but that this would not constitute a promise rendering the plea involuntary. *United States v. Buck-Soltero*, 628 F. App'x 246, 247-48 (5th Cir. 2015).

Docket no. 298 at 8 (emphasis added). Thus, this Court finds that Buck-Soltero entered into his plea both intelligently and voluntarily.

## CONCLUSION

After careful consideration, the Court will DENY the Magistrate Judge's Recommendation (Docket no. 298), SUSTAIN the Government's Objections (Docket no. 302), and DENY Petitioner's Motion to Vacate Sentence (Docket no. 290).

It is so ORDERED.

SIGNED this 7th day of March, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE